IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| RUSSELL BAKER, | : | |
| Plaintiff | : | |
| VS. | : | NO. 7:06-CV-86 (HL) |
| Lieutenant ROBERT J. PICCIOTTI, | : | |
| Defendant | : | **O R D E R** |

Plaintiff **RUSSELL BAKER**, presently confined at the Lowndes County Jail in Valdosta, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a) (Tab # 1). Based on plaintiff's submissions, the Court finds that plaintiff is unable to pay the prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis*.

It is hereby **ORDERED** that plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10.00, until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

## *I. BACKGROUND*

Plaintiff names as his sole defendant Lieutenant Robert J. Picciotti. Plaintiff alleges that on

November 16, 2005, Picciotti unlawfully arrested plaintiff on charges of driving on a suspended license. According to plaintiff, he was not driving his car at the time of his arrest; rather, he was inside a family member's home. During said arrest, Picciotti, without a warrant or consent, allegedly searched plaintiff and his vehicle. Plaintiff appears to suggest that Picciotti may have planted unspecified evidence. As relief, plaintiff seeks damages.

## II.  ORDER TO SUPPLEMENT

Upon review of plaintiff's complaint, the Court finds that additional information is needed before a proper evaluation of his claims can be made. Accordingly, plaintiff is instructed to supplement his complaint to answer the following:

(1) Besides being charged with driving on a suspended license, were there any other charges filed against you as a result of your November 16, 2005, arrest?

(2) Are the charges stemming from your November 16, 2005, arrest still pending or has there been a final disposition of the charges?

(3) If the charges have been disposed of, what was the result (*e.g.*, dropped, pending, convicted)?

(4) If the charges resulted in a conviction, what was the length of sentence imposed?

(5) Were you on parole or probation at the time of your arrest? If so, did your November 16, 2005, arrest also result in the revocation of your parole or probation?

(6) Describe the circumstances surrounding Picciotti's allegedly planting evidence, including what that evidence was and where it was found.

If he is able to do so, plaintiff is requested to provide this Court with copies of all court filings and proceedings relating to the charges for which he was arrested.

Plaintiff is hereby given thirty (30) days from receipt of this order to submit a supplement to his complaint, limited to these claims only.  No other claims will be considered.  If plaintiff fails to respond to this order in a timely manner, this action shall be dismissed.  There shall be no service of process until further order of the Court.

**SO ORDERED**, this 8th  day of September, 2006.


*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE