IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| RUSSELL BAKER, | : | |
| Plaintiff | : | |
| VS. | : | |
| Lieutenant ROBERT J. PICCIOTTI, | : | NO. 7:06-CV-86 (HL) |
| Defendant | : | **RECOMMENDATION** |

Plaintiff **RUSSELL BAKER**, an inmate at the Lowndes County Jail in Valdosta, Georgia, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. In compliance with this Court's previous order, plaintiff supplemented his complaint on September 18, 2006 (Tab # 5).

*I. STANDARD OF REVIEW*

*A. 28 U.S.C. § 1915(e)(2)*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without

regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting ***Hishon* v. *King & Spalding***, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. BACKGROUND

Plaintiff alleges that on November 16, 2005, defendant Lieutenant Robert J. Picciotti arrested plaintiff on charges of driving with a suspended license, even though, according to plaintiff, he was not driving his car at the time of his arrest. During said arrest, Picciotti allegedly searched plaintiff's vehicle and found "a large quantity of marijuana seeds."

In his September 18th response to the Court's order to supplement, plaintiff states that no other charges, besides the charge of driving with a suspended license, were filed against him as a result of his November 16, 2005 arrest. According to plaintiff's supplement, he pled guilty to said charge and was sentenced to time served, or 31 days. Plaintiff failed to state any additional facts relating to the marijuana seeds, but apparently no associated charges were filed.

Plaintiff seeks compensatory and punitive damages for the unlawful search and arrest.

## III. DISCUSSION

### A. *Unlawful Arrest*

The Court finds that plaintiff's claim relating to his arrest on charges of driving with a suspended license falls within the ambit of the Supreme Court's decision in *Heck v. Humphrey*, 114 S. Ct. 2364 (1994). In *Heck*, the Supreme Court held that before a plaintiff may seek relief through a section1983 claim that would call into question the validity of his conviction or sentence, he must first prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 2372-73. Here, plaintiff's claims, if proved, would invalidate his conviction. Thus, the holding of *Heck* is applicable to the present case.

Plaintiff has not demonstrated, as *Heck* requires, that his conviction or sentence has been reversed, expunged, invalidated or called into question by the grant of the writ of habeas corpus. Therefore, his claim for damages has not yet accrued. Plaintiff may file his false arrest claim, against the appropriate defendants, at such time in the future when he is able to meet the requirements of *Heck*.

Accordingly, it is **RECOMMENDED** that plaintiff's unlawful arrest claim be **DISMISSED**. Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### B. *Unlawful Search*

Plaintiff also seeks damages for the allegedly illegal search.  The Eleventh Circuit Court of Appeals has held that *Heck* generally does not bar claims of Fourth Amendment search and seizure violations because such claims do not call into question the plaintiff's conviction.  *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).  Accordingly, plaintiff's Fourth Amendment illegal search claim will be allowed to go forward against Lieutenant Robert J. Picciotti by separate order.

**SO RECOMMENDED**, this 20th day of September, 2006.


*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE