IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

RUSSELL BAKER, :
:
      Plaintiff :
:
VS. :
: **7 : 06-CV-86 (HL)**
:
ROBERT J. PICCIOTTI, :
:
      Defendant. :

**RECOMMENDATION**

Presently pending in this § 1983 action is the defendant's Motion to Dismiss the plaintiff's complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. This action was originally filed in September 2006. On September 8, 2006, the undersigned granted the plaintiff's Motion for Leave to Proceed *in forma pauperis* and directed the plaintiff to supplement his complaint. The plaintiff filed said supplement on September 18, 2006. On September 20, 2006, the undersigned directed service upon the defendants and recommended that certain claims be dismissed. The court adopted this recommendation on October 16, 2006. Subsequent to the filing of this order, the plaintiff filed a "demand for non-jury trial" on October 17, 2006, two (2) change of address notices on December 14, 2006, and January 30, 2007, and a consent to proceed before the Magistrate Judge on June 28, 2007.

The defendant filed his Answer on June 19, 2007, and filed his Motion to Dismiss on February 20, 2008, contending that the plaintiff has failed to diligently prosecute this action, based on assertions that the plaintiff has not pursued any action in this suit since the filing of defendant's answer on June 19, 2007. In response to the defendant's motion, the plaintiff has filed a response, asking that this matter not be dismissed and arguing the merits of his claims.

The plaintiff filed an additional change of address notice on April 11, 2008.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a plaintiff is required to diligently prosecute his lawsuit. If he fails to do so, the court may dismiss his case on that basis. Litigants proceeding *pro se* are not exempted from this requirement of diligent prosecution. Moon v. Newsome, 863 F.2d 835 (11th Cir. 1989). The court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R., 370 U.S. 626, 630 (1962).

A review of this action reveals an inadequate record upon which to recommend dismissal for the plaintiff's failure to prosecute. Although the defendant asserts that the plaintiff has not propounded any discovery herein, the plaintiff has filed three change of address notices, a consent to proceed, request for non-jury trial, and a timely response to defendant's Motion to Dismiss. Plaintiff thus appears to be following the dictates issued by the Court. However, the undersigned notes that plaintiff's response to the defendant's Motion to Dismiss as well as his change of address notices are not accompanied by proper certificates of service. Plaintiff is reminded that he must serve opposing counsel with all pleadings, motions and correspondence filed with the Court and that he bears the cost of such service. Failure to properly serve defense counsel and attach proper certificates of service will result in a recommendation to dismiss this civil action.

It is the recommendation of the undersigned that the defendant's Motion to Dismiss be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file and serve written objections to this recommendation with the Honorable Hugh Lawson, Chief United States District Judge, WITHIN TEN (10) DAYS of being served with a copy thereof.

**SO RECOMMENDED**, this 15th day of May, 2008.

   /s/ ***Richard L. Hodge***  
RICHARD L. HODGE  
UNITED STATES MAGISTRATE JUDGE

asb